*In re* NEWCOMBE'S WILL.

(*Supreme Court, General Term, First Department.*   March 31, 1892.)

PROBATE OF WILLS—TRIAL BY JURY—DISCRETION OF SURROGATE.

The refusal of the surrogate to send issues in a probate proceeding to the common pleas for trial is within the discretion of the surrogate, and cannot be reviewed by the supreme court.

Appeal from surrogate's court, New York county.

Proceeding for the probate of the will of Richard S. Newcombe, deceased. From an order of the surrogate, denying a motion to send issues to the court of common pleas for trial before a jury, Ida Florine Lederer, a contestant, appeals. Affirmed.

Argued before VAN BRUNT, P. J., and O'BRIEN and INGRAHAM, JJ.

*Edward C. James*, for appellant.   *Donohue, Newcombe & Cardozo*, for respondent.

PER CURIAM.   The appellant moved that the issues raised by the objections of the contestants to the probate of the will in this proceeding be sent to the court of common pleas for trial, upon the allegation that the surrogate was a personal friend of the deceased, and of the principal beneficiary under his will, and that the trial of the issues would involve the examination of many witnesses, and that the testimony would be conflicting to a great extent, and that consequently a jury trial was essential. In other words, the motion was a challenge of the right of the surrogate to perform the duties which the law imposed upon him. Of course, under such circumstances, a judge has no opportunity to answer insinuations of this character, and consequently no such right of challenge is or should be recognized by the law. What amounts to a disqualification to act as a judicial officer and a surrogate is carefully defined by statute, and beyond that it is a matter of discretion with a judge whether he will act in a given case or not. But it is his duty to proceed with the trial of a cause, unless he is himself satisfied that he should not do so. It rests entirely in the discretion of the surrogate whether

he will or not remit proceedings to the court of common pleas for trial, and with that discretion this court has neither power nor inclination to interfere. The order appealed from should be affirmed, with costs.    All concur.